IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ferris Geiger Singley, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:21-cv-0259-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kanita Harley, *S.C.D.C. Program Coodinator II*, and Dennis Patterson, *S.C.D.C. Deputy Director of Operations*, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ferris Geiger Singley, a state prisoner proceeding *pro se*, initiated this action by filing a motion seeking a preliminary injunction against Defendants. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 3, 2021, the magistrate judge issued an order granting Plaintiff twenty-one (21) days in which to bring the case into proper form, including filing a complaint, as well as summonses and a completed Form USM-285 for each defendant, and paying the filing fee or submitting an application to proceeding *in forma pauperis*. (ECF No. 4). The order also advised Plaintiff of his duty to keep the court informed as to his current address. *Id*. at 2–3. The magistrate judge warned Plaintiff that if he failed either to bring the case into proper form within the time permitted or to keep the court informed of his current address, his case may be subject to dismissal. *Id*. at 2, 3. The proper form order was mailed to Plaintiff at the address he provided to the court, (ECF No. 5), and has not been returned to the court has undeliverable. Accordingly, Plaintiff is presumed to have received the proper form order.

1

Nevertheless, Plaintiff did not file any of the documents necessary to bring the case into proper form, nor did he file any response to the magistrate judge's order.

On March 3, 2021, the undersigned entered a text order granting Plaintiff an additional fourteen (14) days in which to respond to and fully comply with the proper form order. (ECF No. 9). The order warned that if Plaintiff failed to bring the case into proper form within that time, the case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders. *Id*. Subsequently, on March 5, 2021, Plaintiff filed a notice of change of address and a motion for an extension of time in which to response to the proper form order. (ECF Nos. 12; 13). In a text order entered on March 23, 2021, the court granted Plaintiff's motion in part, granting him an another fourteen (14) days to bring the case into proper form. (ECF No. 16). In the order, the court repeated its warning to Plaintiff that failure to fully respond to and comply with the proper form order within the time permitted would result in the dismissal of his case under Rule 41(b). *Id*.

Despite receiving repeated extensions of time in which to respond to the February 3rd proper form order, *see* (ECF Nos. 9; 16), to date Plaintiff has failed to provide the necessary information and paperwork to bring this case into proper form and the time to do so has now run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In

addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the proper form order. Further, Plaintiff was specifically and repeatedly warned that his case would be subject to dismissal if he failed to bring his case into proper form. *See* (ECF Nos. 4; 9; 16). The court concludes that Plaintiff's lack of response to the court's order indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

4

Accordingly, for the reasons set forth herein, this case is **DISMISSED** pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
April 19, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.